[Cite as *Reed v. Davis*, 2021-Ohio-3757.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ASHIA G. REED | : | |
| | : | Appellate Case No. 29086 |
| Appellant | : | |
| | : | Trial Court Case No. 2020-DR-339 |
| v. | : | |
| | : | (Appeal from Common Pleas |
| ANTHONY A. DAVIS | : | Court - Domestic Relations Division) |
| | : | |
| Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of October, 2021.

. . . . . . . . . . .

ASHIA G. REED, 5102 Embassy Place, Dayton, Ohio 45414
        Appellant, Pro Se

ANTHONY A. DAVIS, 2588 Ring Place, Cincinnati, OH 45204
        Appellee, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Ashia G. Reed appeals pro se from the trial court's final judgment and decree of divorce that terminated her marriage to appellee Anthony A. Davis.

{¶ 2} Although Reed's brief lacks a proper assignment of error, she argues that the trial court erred in designating which parent may claim the parties' three children as dependents for income-tax purposes.

{¶ 3} The record reflects that the parties appeared in court on February 8, 2021, and presented the trial court with a shared-parenting plan. They agreed that they wanted to engage in shared parenting under the terms of the plan. The only issue in dispute concerned child support. (February 8, 2021 Tr. at 3-6.) The trial court proceeded to take testimony on that issue. On March 10, 2021, the trial court filed a decision obligating Davis to pay child support. The decision also awarded Reed a permanent tax exemption for one of their children while awarding Davis a permanent exemption for the other two children. Thereafter on April 2, 2021, the trial court filed a final judgment and divorce decree along with the parties' shared-parenting plan, which the decree adopted. The terms of the shared-parenting plan, which Reed had signed, addressed the issue of tax exemptions.[1] As filed, the plan divided the exemptions for the parties' children as set forth above. We note that the tax-exemption portion of the plan contains white-out redactions with handwritten language.

{¶ 4} On appeal, Reed asserts that she and Davis had agreed to alternate taking tax exemptions for all three children. According to Reed, the plan was for her to claim the

---

[1] Although the plan is not signed by Davis, he acknowledged during the February 8, 2021 hearing that he wanted shared parenting under the terms of the plan.

three exemptions in even-numbered years with Davis claiming them in odd-numbered years. Therefore, Reed contends the trial court erred in permanently awarding her one exemption and Davis two exemptions. In support, she has attached to her amended appellate brief what she claims is an un-redacted shared-parenting plan reflecting what the parties submitted to the trial court. On June 28, 2021, Reed moved to make this "unrevised" shared-parenting plan part of the record. We overruled her motion on August 17, 2021. In so doing, however, we stayed the appeal and remanded the case to the trial court to resolve the record. To that end, we ordered Reed to file a motion to supplement the record in the trial court with a copy of the shared-parenting plan she submitted to us.

{¶ 5} In a September 16, 2021 decision and entry, we noted that Reed had not filed a motion to supplement the record. We lifted the stay and returned the case to our active docket, noting that "[t]he record remains as previously transferred by the clerk." As a result, the un-redacted shared-parenting plan upon which Reed relies is not part of the record and we cannot consider it. We are left with only the shared-parenting plan filed by the trial court and signed by Reed that divides the tax exemptions as ordered in the divorce decree. Although that shared-parenting plan contains white-out redactions and handwriting, it is impossible for us to determine who made changes. For all we know, the parties themselves may have made modifications prior to submitting their shared-parenting plan to the trial court. Under such circumstances, we must presume regularity in the proceedings below.

{¶ 6} In short, the record contains a shared-parenting plan that divides the tax exemptions consistent with the trial court's order in the divorce decree. We see no evidence in the hearing transcripts or elsewhere to support Reed's claim about the trial

court's tax-exemption decision being inconsistent with the parties' true agreement. Accordingly, Reed's assignment of error is overruled.

{¶ 7} The judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Ashia G. Reed
Anthony A. Davis
Hon. Timothy D. Wood